THE STATE, EX. REL. BURNS, *v.* HAINES, SHERIFF.

(No. CA 11499—Decided August 17, 1989.)

*Kurt P. Portmann,* county public defender, for relator Steve D. Burns.

*Maureen C. Newkold,* assistant prosecuting attorney, for respondent Gary Haines, Montgomery County Sheriff.

WOLFF, P.J. By decision and entry of April 11, 1989, we identified the issues in this proceeding as follows:

"1. Whether, before relator could be incarcerated pursuant to paragraph 1 of the trial court's order of January 11, 1989, it was first necessary that a judge review and approve the referee's factual determination, expressed in a written report and recommendation, that the relator had not purged himself of contempt.

"2. Assuming the answer to 1 is in the affirmative, whether the relator had 14 days in which to file objections to the report of the referee after the March 24, 1989 appearance."

The respondent concedes that if we resolve the first issue in favor of relator, then the second issue should also be resolved in relator's favor.

The January 11, 1989 "agreed order," which was signed by relator and his counsel, states in part:

"1. Pl's [relator's] sentence be imposed. Pl be ordered to appear at Mtgy Cty Jail on March 24, 1989 at 2 pm to serve his previously suspended 20 day sentence.

"2. Pl is ordered to appear on March 24, 1989 at 1:30 pm for purpose of review to see if he has purged himself of said sentence. Pl may purge himself of said sentence by making a substantial effort to seek work & by completing a list of 35 potential employers that he has contacted & applied to personally for work.

"3. If Pl becomes employed he is to pay his current support & $25/wk on his child support arrearage which is set at $747.47 as of 12-29-88. There is a fee arrearage of 70¢ as of 12-29-88

"* * *

"The parties waive their rights to a report and recommendation of the referee and notice of filing of this agreed order."

Relator essentially argues that paragraph 2 of the order required a factual inquiry March 24, 1989, at 1:30 p.m., as to whether he had purged

himself. Because, absent a Civ. R. 53(E)(3) stipulation, it is up to a judge to make ultimate factual findings, it was necessary for the referee to prepare a written report of her findings and recommendation, and for a judge to approve the report and recommendation, before relator could be incarcerated.

Respondent does not address this contention. Rather, respondent first argues that because relator had been provided with opportunities to purge himself of contempt in connection with prior orders of a similar nature, he was not entitled to a purge hearing March 24, 1989. Respondent also argues that paragraph 1 of the January 11, 1989 order was an unconditional order that could not be countermanded except by another agreed order (if relator had purged himself) or by another judicial order.

We agree with relator's argument. We reject respondent's arguments. Although relator may not have been entitled to a purge hearing March 24, 1989, the fact of the matter is that the referee and trial court provided him with such a right in the January 11, 1989 order. Relator may have been unwilling to sign off on the January 11, 1989 "agreed order," with its attendant waiver, unless he had a reasonable expectation, which paragraph 2 certainly justified, that he had a right to a purge hearing on March 24. Although paragraph 1, read in isolation from the rest of the order, is unconditional, it is improper to read paragraph 1 in this fashion. Looking at paragraphs 1 and 2 together, the more reasonable interpretation is that the order to serve twenty days is conditioned upon a finding that relator has not purged himself. That finding, if

made by a referee, must have been approved by a judge as a prerequisite to the incarceration of relator. That was not done in this case and relator is entitled to a writ of habeas corpus.

We fully appreciate that the resolution of the issues in favor of relator renders the practice utilized in this case impracticable. A sound practice would be the scheduling of the final purge hearing (in this case, the March 24, 1989 1:30 p.m. hearing) before a trial judge rather than a referee.

*Writ granted.*

BROGAN, J., concurs.

FAIN, J., dissents.

FAIN, J., dissenting. Although the approach taken by the majority may be more practical, I would deny the writ because I would hold that the order in paragraph 1 of the January 11, 1989 "agreed order" was an unconditional order requiring the relator to begin serving his sentence on March 24. The fact that other paragraphs in the "agreed order" contemplated the possibility that relator might in the meantime purge himself of contempt, possibly resulting in the vacation of his sentence, does not satisfy me that the order to begin serving the sentence thereby became conditional.

I find myself in complete agreement, however, with the majority's suggestion, in the decision and entry allowing the writ of habeas corpus, that a better practice would be to schedule the hearing, just before incarceration, on the question of whether the contempt has been purged, to take place before a trial judge rather than before a referee.