OPINION
Defendant-appellant, Cynthianna C. Elkins, and plaintiff-appellee, Edward Elkins, Jr., were divorced in 1993 (we use first names because the parties have the same surnames). Edward was awarded custody of their three children, and Cynthianna was ordered to pay a total of $420 per month in child support. Despite temporarily holding a variety of different jobs over the next six years and receiving a paralegal degree, Cynthianna fell far behind in meeting her child-support obligation. She has not been employed since August 1999, when she left her job as a home health aid, and has since subsisted by receiving assistance from private charities and government agencies.
Cynthianna claimed below that she had been unable to pay the child support that the court had ordered because she had been unable to maintain gainful employment, primarily because of the worsening effects of multiple sclerosis, with which she had been diagnosed before her divorce. She had also been diagnosed after the divorce with optic neuritis, which affected her vision. Despite these infirmities, Cynthianna's initial claim in 1998 for Social Security disability benefits was denied.
In April 2000, the Franklin County Child Support Enforcement Agency moved the trial court on behalf of Edward Elkins to find Cynthianna in contempt for her continuing failure to meet her outstanding child-support obligation. A magistrate heard the motion in August 2000, by which time she had paid a total of $1,873.85 in child support, leaving an arrearage of $32,247.19. She claimed that she was unable to comply with the court's order because she was physically unable to work.
But the magistrate found that the record lacked evidence of Cynthianna's incapacity, even though it would admittedly have been difficult for her to find an employer that would accommodate her medical condition. Further, the magistrate found that, when she had been employed, she had failed to pay. And though she had received an inheritance of $5,000 in 1998, none of that money had been paid to meet her child-support obligation.
Thus, Cynthianna was found in contempt of the court's order to pay child support. She was sentenced to thirty days' incarceration, but the sentence was suspended and she was given an opportunity to cure her contempt by paying $25 per month. The magistrate scheduled a purge hearing before the domestic relations court to review her compliance with the magistrate's purge order. Cynthianna objected to the magistrate's decision, but the domestic relations court overruled those objections.
The purge hearing was held eleven months after Cynthianna had been found in contempt by the magistrate. By that time, she had only managed to make one payment of $25, but at the hearing she sought to introduce new medical evidence of her inability to comply with the purge order. While the domestic relations court was initially reluctant to consider the new evidence, the court eventually heard from Cynthianna's attorney, a different attorney representing her in the appeal of the denial of her Social Security disability claim in 1998, and from Cynthianna herself.
Cynthianna's attorney sought to introduce a "Residual Functional Capacity Evaluation" that appeared to substantiate her claim of total disability. This evidence had been introduced in the Social Security disability appeal just four days before the purge hearing. Cynthianna's other attorney explained to the court that, in his opinion, it was likely that she would win her Social Security appeal, that she would be declared disabled, and that she would begin to receive benefits, from which a portion could be allocated to pay child support. But he also estimated that the appeal would not be decided for another two to six months.
The domestic relations court initially appeared disposed to grant Cynthianna a continuance until her Social Security appeal had been decided. But, in addressing the court, Cynthianna revealed that she had, in 1999, received a $1,800 insurance check for some fire damage to her apartment, and that she had not allocated any of that money to child support. The court then determined that Cynthianna's history of failure to meet significantly any child-support obligation indicated that, even if money was available, she had no intention of paying child support. The court, thus, imposed the thirty-day sentence of incarceration that had been suspended, explained that any future failure to pay would result in an additional sixty-day sentence, and required that she forfeit any Social Security checks that she might begin to receive so that they could be applied to her arrearage.
Cynthianna now appeals and raises two assignments of error. First, she argues that the domestic relations court erred as a matter of law "in ruling that [she] could not contest her ability to comply with a purge order." Second, she contends that the court abused its discretion by refusing to grant her a continuance pending the outcome of her Social Security disability appeal. We overrule both assignments of error and affirm the judgment of the court.
Cynthianna's citation for contempt was based on her failure to comply with the court's lawful order that she pay child support. The inaction that was the basis for the court's finding occurred other than in the presence of the court and thus constituted indirect civil contempt.[1]
In cases involving indirect civil contempt, "an opportunity [shall be] given to the accused to be heard, by himself or counsel."[2]
Cynthianna does not contest that she was initially given a hearing before a magistrate, where she argued that she had been unable to comply with the court's order. Instead, she argues that she was entitled to a separate hearing concerning her inability to comply with the magistrate's purge order.
We do not hold today that Cynthianna was entitled by law to a separate hearing before the trial court concerning her failure to comply with the magistrate's purge order. But we do acknowledge that the better practice would have been to schedule a purge hearing before the court prior to her incarceration.[3] And that is what happened in this case.
Cynthianna argues that the trial court erred by failing to consider new evidence that she sought to submit at her purge hearing. Her contention is based on the court's initial reluctance to consider the evidence. But the transcript is clear that the court overcame its initial reluctance and heard from Cynthianna, her attorney, and the attorney representing her in the Social Security appeal. And the new medical information that she sought to bring to the court's attention was discussed at the purge hearing. It later became part of the record when the court granted her subsequent motion to supplement the record.
Regardless of whether Cynthianna was legally entitled to a purge hearing, she did in fact receive one, despite the domestic relations court's initial reluctance to entertain new evidence. We, thus, overrule the first assignment of error.
Next, Cynthianna argues that the domestic relations court abused its discretion by refusing to grant a continuance until the disposition of her Social Security appeal could be ascertained. An abuse of discretion occurs if the trial court's decision is unreasonable, arbitrary, or unconscionable.[4] A decision is unreasonable if it is unsupported by a sound reasoning process.[5] We cannot conclude that the trial court's denial of a continuance in this case was unsupported by a sound reasoning process.
For over six years, Cynthianna had neglected her court-ordered obligation to pay for the support of her three children. Whether she had been employed, had received an inheritance, or had been reimbursed for fire damage to her apartment, only an inadequate $1,873.85 was ever paid. That figure amounted to approximately $100 per child per year, or $8.50 per month.
Cynthianna could have done better for her children. But indirect civil contempt is not to punish the offender. It is to coerce compliance with the court's lawful order. And the trial court's decision to incarcerate Cynthianna for thirty days was not an unreasonable way to insure that any future income would be apportioned for the benefit of her children.
Thus, we overrule Cynthianna's second assignment of error, as well as the first assignment of error, and affirm the judgment of the domestic relations court.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.
PAINTER, J., of the First Appellate District, sitting by assignment in the Tenth Appellate District.
[1] See R.C. 2705.02(A).
[2] See R.C. 2705.03.
[3] See State ex rel. Burns v. Haines (1989), 55 Ohio App.3d 168,169, 563 N.E.2d 52, 54.
[4] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[5] See AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597,601.